**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jo-Ann Stores LLC, | No. CV-23-00558-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| SD-Sahuarita Properties LLC, | |
| Defendant. | |

Before the Court is Defendant's Motion to Amend the Scheduling Order filed October 29, 2024. (Doc. 31.) Plaintiff Jo-Ann Stores LLC ("Jo-Ann Stores") filed a response in opposition (Doc. 32), and Defendant filed a reply (Doc. 33). The motion was fully briefed before this Court as of November 19, 2024. (Docs. 31–34.) For the reasons discussed below, the Court will grant the motion.[1]

**I.   Background**

Plaintiff Jo-Ann Stores filed a Complaint regarding its lease with Defendant SD-Sahuarita Properties, LLC on December 13, 2023. (Doc. 1.) After Defendant filed its Answer, the case was stayed for two months during the pendency of Plaintiff's bankruptcy

---

[1] The Court is mindful that the parties have requested oral argument on this motion. (Docs. 33–34.) The Court has discretion when determining whether to grant oral argument. Fed. R. Civ. P. 78(a); LRCiv 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court."); *Bach v. Teton Cnty. Idaho*, 207 F. App'x 766, 769 (9th Cir. 2006) ("Due process does not require the district court to hold oral argument before ruling on pending motions."). The Court finds that oral argument is unnecessary to decide this motion due to the sufficient and extensive briefing by the parties. (Docs. 31–34.) The Court further finds that oral argument will result in unnecessary delay of this matter.

proceedings. (Doc. 15.) On June 11, 2024, the Court issued a Scheduling Order setting pretrial deadlines stipulated by the parties. (Doc. 18.) Thereafter, Plaintiff filed an Amended Complaint on June 28, 2024 (Doc. 20), and Defendant filed an Answer on July 9, 2024 (Doc. 21). On July 22, 2024, the Court granted the parties' Joint Motion to Amend the Scheduling Order, which designated a September 9, 2024 deadline for naming all rebuttal experts. (Doc. 25.)

On October 3, 2024, the Court granted Teresa H. Foster's Motion to Withdraw as Defendant's counsel due to her suspension from the practice of law. (Doc. 28 at 1; Doc. 31 at 4.) Defendant retained new counsel by the Court ordered deadline of October 24, 2024, at which time Defendant alleges it first became aware that the rebuttal expert deadline had lapsed on September 9, 2024. (Doc. 31 at 4.) Defendant also learned of the impending discovery and dispositive motions' deadlines set for October 31, 2024, and November 30, 2024, respectively. (*Id.*) Defendant avers that it unknowingly missed the rebuttal expert witness disclosure deadline because its prior counsel was suspended from the practice of law. (*Id.*; Doc. 34.) Defendant now seeks to extend the discovery and dispositive motions' deadlines and to re-open the deadline for noticing rebuttal experts by approximately 60 days.[2] (*Id.* at 3–4.)

Plaintiff opposes the motion asserting that it is unjustified and would result in prejudice. (Doc. 32 at 1, 5–6.) Plaintiff also seeks sanctions. (*Id.*) Nevertheless, Plaintiff does not oppose reopening discovery for the limited purpose of allowing Defendant to depose Plaintiff's expert. (*Id.* at 2.) Defendant's reply attaches Declarations of Foster and Tayseer Odeh, an agent for Defendant's manager, supporting its argument that Defendant was unaware of Foster's suspension until after the expiration of the rebuttal expert deadline. (Doc. 34 at 2; *see* Docs. 34-1–34-2.)

/ / /

/ / /

---

[2] Defendant seeks to extend the rebuttal expert deadline to November 27, 2024, the discovery cutoff to December 27, 2024, and the dispositive motion deadline to January 31, 2025. (Doc. 31 at 2.)

- 2 -

**II.     Legal Standard**

A scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

An extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Hernandez v. Maricopa Cnty.*, No. CV-07-272-PHX-JAT, 2009 WL 77647, at *1 (D. Ariz. Jan. 12, 2009) ("[E]xcusable neglect is the standard that must be met by the parties to receive an extension of an expired deadline."). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes and citations omitted). Rather, "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1182, 1192 (9th Cir. 2009) (citation omitted) (quoting *Pioneer*, 507 U.S. at 388 and 394). Four factors determine whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. (quoting *Pioneer*, 507 U.S. at 395); *see also Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (it is within a court's discretion to determine whether excusable neglect exists). Like all the Federal Rules of Civil Procedure, Rule 6(b) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahancian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (the strong policy underlying the

Federal Rules of Civil Procedure favors decisions on the merits).

### III. Analysis

#### a. Good Cause to Amend the Scheduling Order

Having considered Defendant's request to extend the discovery and dispositive motions' deadlines, the Court finds Defendant acted diligently in obtaining new counsel and seeking to extend the deadlines by a reasonable time and before the close of discovery. Fed. R. Civ. P. 16(b)(4) (a scheduling order may be "modified only for good cause and with the judge's consent"); *Johnson,* 975 F.2d at 609 (the "good cause" standard primarily considers the diligence of the party seeking the amendment). As such, the Court finds good cause exists to warrant modification of the scheduling order's discovery and dispositive motions' deadlines.

#### b. Excusable Neglect to Amend Expired Rebuttal Expert Disclosure Deadline

The Court further finds that the *Pioneer* factors suggest Defendant's failure to timely notice a rebuttal expert was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause"); *Bateman*, 231 F.3d at 1223–24. The Court addresses these factors in turn:

##### i. Prejudice to Opposing Party

Plaintiff asserts that it will be prejudiced by the extension because it drafted, and at this time filed, its motion for summary judgment and that permitting the extension would require Jo-Ann Stores to "spend time and money re-tooling the motion for summary judgement to address that expert's opinion." (Doc. 32, at 11–12; *see also* Docs. 35–36). Plaintiff further claims that the delay "specifically exposes Jo-Ann to additional months of paying fixed base rent, as opposed to the reduced Substitute Rent" and that Defendant has "refused to honor Jo-Ann's attempts to exercise its option to renew the Lease Term, which otherwise currently expires on January 31, 2025." (Doc. 32 at 11.) The Court finds that while permitting Defendant the opportunity to disclose a rebuttal witness *may* require Plaintiff to amend its motion for summary judgement, any such amendment would result

in *de minimis* prejudice because Plaintiff's motion would continue to rely primarily on its own expert. Moreover, Plaintiff's other bases for opposing the motion rest, in large part, on the presumption of matters in dispute in this case and simply do not outweigh the strong policy for a decision on the merits. *Ahancian*, 624 F.3d at 1259. As such, the Court finds this factor weighs in favor of granting the motion.

### ii. Length of Delay and Potential Impact on the Proceedings

Second, the length of delay in this matter is reasonable and will not significantly impact the proceedings or progress of the case. Notably, Defendant filed its motion on October 29, 2024, within five days of becoming attorney of record in this matter, and prior to the discovery and dispositive motions' deadlines. (Doc. 31.) Although the September 9, 2024 rebuttal expert deadline had lapsed by approximately 50 days at the time the motion was filed, the Court finds the extension is reasonable, will have a minimal impact on the proceedings, and will provide both parties the opportunity to have an expert witness's opinion, thereby supporting a decision on the merits in this matter. *Ahancian*, 624 F.3d at 1259. For these reasons, the Court finds this factor weighs in favor of granting the motion.

### iii. Reason for the Delay

Third, Defendant has clearly outlined the reason for the delay in this matter. Due to Defendant's prior counsel's disciplinary action, Defendant missed the deadline for rebuttal expert witness disclosure. Defendant alleges that it was not aware of this deadline until late October 2024 and has worked diligently since then to correct the error. (Doc. 34 at 3–4.) Plaintiff's argument that prior counsel should have, at a minimum, sought an extension of the deadline is well-taken. (Doc. 32 at 12.) However, the carelessness or even negligence of Defendant's prior counsel in failing to advise Defendant of the expert witness deadline or seek an extension does not preclude a finding of excusable neglect. *Bateman*, 231 F.3d at 1224 ("[T]he term [excusable neglect] covers cases of negligence, carelessness and inadvertent mistake."). For this reason, the Court finds this factor weighs in favor of granting the motion.

/ / /

### iv. Good Faith by the Moving Party

Finally, there is no indicia that Defendant acted in bad faith. The Court notes that Defendant was actively defending this case before the withdrawal of its prior counsel. Further, Defendant acted promptly to retain new counsel and bring this motion.

## IV. Conclusion

Having considered the motion, the Court finds good cause and excusable neglect to amend the Scheduling Order.

**IT IS ORDERED** that Defendant's Motion to Amend the Scheduling Order is **GRANTED**. (Doc. 31.) The following deadlines are amended accordingly:

(1) The deadline to disclose rebuttal experts is **December 16, 2024**.

(2) The deadline for discovery is **January 13, 2025**.

(3) The deadline to file dispositive motions is **February 3, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is **DENIED**. (Doc. 32.)

Dated this 5th day of December, 2024.

_____
Honorable Angela M. Martinez
United States District Judge